IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    Plaintiff,

v.                                                                                                                                 No. 1:21-CV-00709-GBW-SCY

THE NEW MEXICO BOARD OF
BAR EXAMINERS, and THE NATIONAL
CONFERENCE OF BAR EXAMINERS, *et al.*,

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED INFORMA PAUPERIS AND MOTION TO WAIVE SERVICE OF PROCESS FEES**

    This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Doc. 27, and Plaintiff's Motion to Waive Service of Process Fees, Doc. 28. In those motions, Plaintiff requests to proceed in forma pauperis ("IFP"), that the United States Marshal's Service effect service on the "dominant management required to obtain notice as defendants" (Doc. 27 at 1), and that the Court waive service of process fees for the individual defendants and seek waivers of service from those defendants.

    The statute for proceeding IFP, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement, prosecution, or defense of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees. "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). If the Court grants IFP, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d).

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* (citing *Lister*, 408 F.3d at 1312). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court denies without prejudice Plaintiff's motion to proceed IFP for a number of reasons. First, Plaintiff has already paid the filing fee. This alone may not be grounds for denying an IFP motion. *See Junhao Su v. Florida Intern. Univ.*, 540 F. App'x 959, 960 (11th Cir. 2013) (finding that a litigant's motion for IFP was not moot after the litigant paid the filing fee because "a litigant who proceeds in forma pauperis is entitled to other benefits in addition to the waiver of a filing fee, like having process and subpoenas served by officers of the court"); *but see Shisinday v. Texas Dep't of Criminal Justice-Agency*, 124 F. App'x 898, 899 (5th Cir. 2005) ("As ShisInday had already paid the filing fee, the denial of his IFP motions was not erroneous."); *Steiner v. Hammons*, No. C1305129 RBL/KLS, 2013 WL 3777068, at *1 (W.D. Wash. July 16, 2013) ("Mr. Steiner has already paid the $350.00 filing fee and has,

therefore, established that he is financially able to pay the $350.00 filing fee to commence this action.").[1]

However, that Plaintiff has already paid the filing fee speaks to the second deficiency with her IPF motion. She fails to "submit an affidavit that includes a statement of all assets." 28 U.S.C. § 1915(a)(1). Her motion includes a document titled "Financial Affidavit in Support of Motion for Leave to Proceed in Forma Pauperis Pursuant to 28 U.S.C. § 1915." Doc. 27 at 3-4; Doc. 28 at 3-4. However, this "affidavit" is signed by Plaintiff's counsel, and not by Plaintiff. It also does not have a statement of her assets. Without such information, the Court is unable to determine if she is financially unable to pay additional costs and fees in the case. If Plaintiff chooses to refile her IFP motion, she should do so using the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form),"[2] or a similar form that provides the same financial information. Plaintiff should also explain how she was able to pay the initial filing fee but is no longer able to pay fees and costs.

Plaintiff also filed a Motion to Waive Service of Process Fees, asking the Court to serve the individual defendants with her prepared "Notice of a Lawsuit and Request to Waive Service of Summons."[3] Doc. 28, Doc. 28-1. Because Plaintiff has already paid the filing fee, it

---

[1] Because Plaintiff has already paid the filing fee, denial of her IFP motion will not result in dismissal of her case. As a result, the Court's denial of Plaintiff's motion without prejudice is not a dispositive ruling.

[2] This form can be found on the Court's website, attached to the Pro Se Guide packet.

[3] In her motion, Plaintiff refers to "multiple defendants" and her proposed "notice of lawsuit and request to waive service of summons" is addressed to members of the New Mexico Board of Bar Examiners. Docs. 28, 28-1. In her original and first amended complaints, the caption lists the defendants as The New Mexico Board of Bar Examiners and the National Conference of Bar Examiners, *et al.* Docs. 1 at 1; 15 at 1. In her statement of parties in the body of her complaints, she then lists individual board members as defendants, even though they are not

is not clear if she is seeking IFP status (which would require the Court to effect service) or if she is just seeking to have the U.S. Marshals serve her complaint. If the latter is the case, she should file a motion for service by the US Marshals, discussing the proper standard. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."); Advisory Committee Notes for Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981) ("[T]he plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service."); *Id.* ("[C]ourt orders directing service by marshal should not be issued unless they really are necessary. In short, the aim is to encourage use of methods that do not involve marshals."). Accordingly, Plaintiff's Motion to Waive Service of Process Fees is denied without prejudice.

Finally, Plaintiff filed both motions under seal, restricted to "ex parte," without seeking permission to do so. Parties seeking to file a document under seal are required to seek leave of Court before doing so. *See* CM/ECF Adm. Proc. Manual para. 9(h)(1) & (2) (leave of Court required to file documents under seal except under Fed. R. Civ. P. 5.2(F), Fed. R. Crim. P.

---

named in the caption of the complaint. Docs. 1 at 3-6; 15 at 3-6. To the extent Plaintiff intends to sue individual board members, those individuals are not properly named as defendants in her complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("The phrase 'et al.' is short for 'et alia,' which means 'and others.' Webster's Third New International Dictionary Unabridged 779 (3d ed. 1986); Black's Law Dictionary 553 (6th ed. 1990). [Plaintiff's] inclusion of this phrase in the caption of his second amended complaint announced that he was suing persons in addition to [the defendant]. But whom? Without additional information to assist in interpreting to whom it refers, 'et al.' is, by definition, ambiguous."); *Powell v. Fed. Bureau of Prisons*, No. CIV. 07-1281, 2008 WL 4224950, at *3 (W.D. Okla. Sept. 10, 2008) (finding that the only defendant in the case was the one named in the caption of the complaint and disregarding the "et al." in the complaint caption).

49.1, or statute). Within 7 days of this Order, Plaintiff shall request leave of Court to seal these filings, or the Court will unseal them without further notice. The Court has previously reminded Plaintiff of the requirement to seek leave of the Court when filing documents under seal. Doc. 18. Any further documents filed under seal without an accompanying motion to seal will be unsealed by the Court without prior notice.

    **IT IS SO ORDERED.**

_____
**HONORABLE STEVEN C. YARBROUGH**
**United States Magistrate Judge**