IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    Plaintiff,

v.                                                                         No. 1:21-CV-00709-GBW-SCY

THE NEW MEXICO BOARD OF
BAR EXAMINERS, and THE NATIONAL
CONFERENCE OF BAR EXAMINERS, *et al.,*

    Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

This matter is before the Court on Plaintiff's "Amended Motion to Seal, Restrict, or Otherwise Limit Inspection of Documents 27 and 28 Filed with the United States District Court for the District of New Mexico," filed September 29, 2021.[1] Doc. 31. On September 21, 2021, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis and a Motion to Waive Service of Process Fees. Docs. 27, 28. She filed both documents under seal (restricted to "ex parte") without asking the Court for leave to file under seal. The Court denied without prejudice those motions and instructed Plaintiff to file a motion to seal or the Court would unseal the documents without further notice. Doc. 29. Accordingly, Plaintiff filed the present motion to seal.

In her motion to seal, Plaintiff requests to "remain anonymous in all documents filed with or in this Court because the subject matter of the case regards currently concealed highly sensitive and medically confidential records protected under federal laws, per the American

---

[1] It is unclear why this document is titled "Amended Motion" when it is the first motion to seal related to documents 27 and 28.

with Disabilities Act (ADA), Health Insurance Portability and Accountability Act of 1996 (HIIPA) and 42 U.S.C. § 12101l 12102." Doc. 31 at 2.

As previously discussed in this case, Plaintiff filed her complaint and amended complaint using the pseudonym "Jane Doe" and as such the Court entered a Notice and Order to Show Cause, requiring her to show cause why her full name should not be fully disclosed in public filing with the Court. Doc. 6. That Show Cause Order is still pending, while the Court waits to issue a decision until after Defendants have had a chance to file a response. Even as she continues to use the pseudonym "Jane Doe," Plaintiff also requests that her filings be under seal in order to protect her privacy. Because the Court's decision on whether to allow Plaintiff to proceed anonymously may impact whether any portions of her recent motions should be sealed, the Court will allow the motions (Doc. 27 and 28) to stay under seal for the time-being. Once the Court decides whether to allow Plaintiff to proceed anonymously or not, it will also decide whether to keep those motions under seal.

However, the Court will also presently change the motions' filing restriction from "ex parte" to "case participants." Plaintiff offers no explanation for why the motions should be sealed from Defendants (as would be the case when filed "ex parte").

**IT IS THEREFORE ORDERED AS FOLLOWS:**

- The Clerk's office shall change the filing restriction on Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 27) and Plaintiff's Motion to Waive Service of Process Fees (Doc. 28) from "ex parte" to "case participants"; and

- the "case participant" documents addressed in this Order (Docs. 27, 28) shall remain restricted until the Court resolves the order to show cause and Plaintiff's request to

proceed anonymously, at which time it will decide if it is appropriate to keep those documents under seal.

_____
**HONORABLE STEVEN C. YARBROUGH**
**United States Magistrate Judge**