IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    Plaintiff,

v.                                                  No. 1:21-CV-00709-GBW-SCY

THE NEW MEXICO BOARD OF
BAR EXAMINERS, and THE NATIONAL
CONFERENCE OF BAR EXAMINERS, *et al.,*

    Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED INFORMA PAUPERIS AND WAIVE SERVICE OF PROCESS FEES

This matter is before the Court on Plaintiff's "Motion for Leave to Proceed in Forma Pauperis and to Waive Service of Process Fees," (Doc. 42) and Plaintiff's financial affidavit (Doc. 43), both filed October 8, 2021.

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement, prosecution, or defense of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees. "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "Thus, in order to succeed on a motion to proceed IFP, the movant

1

must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* (citing *Lister*, 408 F.3d at 1312). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir. 1988)). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

Upon review the Plaintiff's financial affidavit and statements made in her motion, the Court grants her request to proceed IFP. She signed an affidavit indicating that she has no sources of income, very modest assets, and is unemployed. Doc. 43. Further, she explains that the filing fee was paid by her former law firm without consulting her and without discussion of an IFP motion. Doc. 42 at 2.

Because the Court grants Plaintiff's request to proceed IFP, it shall issue and serve all process. 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . .

Fed. R. Civ. P. 4(c)(3).

Under Federal Rule of Civil Procedure 4(d), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." A waiver of

service should be addressed to the individual defendant or for a corporation, partnership, or association, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process. Fed. R. Civ. P. 4(d)(1)(A). Accordingly, the Court shall issue notices and waiver of summons to the individual and corporation defendants to their addresses listed below.[1]

According to Plaintiff, Defendant New Mexico Board of Bar Examiners is a municipal corporation and political subdivision of the State of New Mexico. Doc. 38 ¶ 5. A municipal corporation must be served by "delivering a copy of the summons and of the complaint to its chief executive officer or serving a copy of each in the manner prescribed by that state's law for serving a summons." Fed. R. Civ. P. 4(j)(2). Under state law, "in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant," service is made "by delivering a copy of the process to the head of the branch, agency, bureau, department, commission or institution and to the attorney general." Rule 1-004(H)(1)(b) NMRA. Service may be made by mail "provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope." Rule 1-004(H)(2), (E)(3) NMRA.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis and to Waive Service of Process Fee (Doc. 42) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail this Order, the Third Amended Complaint (Doc. 38), the Notice and Order to Show Cause (Doc. 6), Plaintiff's

---

[1] The Court was able to locate addresses for the individual Defendants through various state bar directories. However, as indicated below, the Court was unable to locate addresses for a few Defendants and will require Plaintiff to provide those addresses.

Petition for Permission to File Anonymously (Doc. 12), and notice and waiver of service forms to the following Defendants:

>Sophie Martin
>National Conference of Bar Examiners
>302 S Bedford St
>Madison, WI 53703-3622
>
>Kevin Hammar
>Aldridge Hammar & Wexler PA
>1212 Pennsylvania St NE
>Albuquerque, NM 87110-7410
>
>Shammara Henderson
>NM Court of Appeals
>2211 Tucker Ave NE
>Albuquerque, NM 87106-4757
>
>Carla Martinez
>Second Judicial District Attorney's Office
>520 Lomas Blvd NW
>Albuquerque, NM 87102-2147
>
>Bonnie Stepleton
>University of New Mexico School of Law
>1 University of New Mexico MSC 11 6070
>Albuquerque, NM 87131-0001
>
>Kevin Fitzwater
>PO Box 53422
>Albuquerque, NM 87153-3422
>
>Howard Thomas
>12231 Academy Rd NE # 301-218
>Albuquerque, NM 87111-7236
>
>Cindy Lovato-Farmer
>Sandia National Laboratories
>PO Box 5800
>Albuquerque, NM 87185-0100
>
>Nan Nash
>2165 Ryan Pl NW
>Albuquerque, NM 87107-3076

Mateo Page
Administrative Office of the Courts
237 Don Gaspar Ave Rm 25
Santa Fe, NM 87501-2178

Henry Alaniz
Bernalillo County Metropolitan Court
401 Lomas Blvd NW
Albuquerque, NM 87102-2114

Ari Biernoff
NM State Land Office
PO Box 1148
Santa Fe, NM 87504-1148

Victoria Garcia
NM Board of Bar Examiners
2440 Louisiana Blvd NE Ste 280
Albuquerque, NM 87110-4383

Margaret Graham
Pregenzer Baysinger Wideman & Sale PC
2424 Louisiana Blvd NE Ste 200
Albuquerque, NM 87110-4413

Torri Jacobus
City of Albuquerque Legal Department
1 Civic Plz NW
Albuquerque, NM 87102-2109

Rosalyn Nguyen
Presbyterian Healthcare Services
PO Box 26666
Albuquerque, NM 87125-6666

Dylan O'Reilly
Miller Stratvert PA
PO Box 1986
Santa Fe, NM 87504-1986

Olga Serafimov
NM Department of Information Technology
715 Alta Vista St
Santa Fe, NM 87505-4108

Lucinda Silva
Cindy Silva Law LLC
PO Box 51116
Albuquerque, NM 87181-1116

Barbara Vigil
PO Box 1750
Santa Fe, NM 87504-0848

Concepcion Flores
Flores Tawney & Acosta PC
1485 N Main St Ste B
Las Cruces, NM 88001-1182

Hulett H. Askew
Georgia State University College of Law
PO Box 4037
Atlanta, GA 30302-4037

John J. McAlary
NYU Board of Law Examiners
254 Washington Avenue Ext
Albany 12203-5370

Judith Gundersen
National Conference of Bar Examiners
302 S Bedford St
Madison WI 53703-3622

Augustin Rivera, Jr.
101 Baldwin Blvd
Corp Christi, TX 78404

Darin B. Scheer
Crowley Fleck PLLP
P.O. Box 147
Farson, WY 82932

Anthony R. Simon
P O Box 749
Jackson, MS 39205-0749

Ann A. Scott Timmer
Supreme Court of Arizona
1501 W Washington St
Phoenix, AZ 85007-3235

Marilyn J. Wellington
John Adams Courthouse
One Pemberton Square Suite 5 140
Boston, Massachusetts 02108

National Conference of Bar Examiners
C/O Judith Gundersen, registered agent
302 S. Bedford St
Madison, WI 53703-3622

The Court was unable to locate addresses for the following defendants: Suzanne Richards, Timothy Y. Wong, Scott Bales, Arlene Y. Coleman, Solomon Oliver, Jr, and Brad Gilbert. Within **two weeks of the entry of this Order** Plaintiff shall provide their addresses and the Court will order service.

**IT IS FINALLY ORDERED** that the Clerk's Office shall issue a summons and serve it, along with this Order, the Third Amended Complaint (Doc. 38), the Notice and Order to Show Cause (Doc. 6), and Plaintiff's Petition for Permission to File Anonymously (Doc. 12), by certified, return-receipt requested mail to:

The New Mexico Board of Bar Examiners
2440 Louisiana Blvd NE, Suite 280
Albuquerque, New Mexico 87710

New Mexico Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504-1508

_____
**HONORABLE STEVEN C. YARBROUGH**
**United States Magistrate Judge**