IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

               Plaintiff,

vs.                                                                                        Civ. No. 21-709 GBW/SCY

THE NEW MEXICO BOARD OF
BAR EXAMINERS, et al.,

               Defendants.

## ORDER DENYING PETITION TO PROCEED ANONYMOUSLY

This matter comes before the Court following its Notice and Order to Show Cause, filed August 3, 2021. Doc. 6. In that Order, the Court noted that Plaintiff filed her complaint under the pseudonym "Jane Doe." However, proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Accordingly, the Court required Plaintiff to show cause why her full name should not be fully disclosed in public filings with the court. In response, Plaintiff filed a Petition for Permission to File Anonymously, Doc. 12, and both the National Conference of Bar Examiner ("NCBE") Defendants and the New Mexico Board of Bar Examiners ("NMBBE") Defendants filed a response in opposition to her petition. Docs. 92, 94.

As discussed in the Notice and Order to Show Cause, whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an

"important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

In her petition to proceed anonymously, Plaintiff alleges that this case involves matters of a highly sensitive and personal nature because it alleges discrimination based on her disability; accordingly, her medical information will become part of the case. She is concerned that attaching her name to the case will trigger mental and physical stressors and will allow the public (including future employers and clients) access to her medical records. She cites generally to her privacy rights under the ADA and HIPPA.

Plaintiff's desire for anonymity does not outweigh the public's interest in open court proceedings. Disclosure of the general nature of a plaintiff's disability occurs in virtually all ADA and disability discrimination cases. Concern about such generalized disclosure is not an exceptional circumstance that warrants anonymity. *See Doe v. Regents of Univ. of New Mexico*, No. CV 98-725 SC/DJS, 1999 WL 35809691, at *2 (D.N.M. Mar. 10, 1999) (finding the plaintiff's allegations of clinical depression insufficient to allow her to proceed anonymously: "Clinical depression, like any mental illness, may carry with it the perception of a societal

stigma; Plaintiff has, however, made no exceptional showing of the need for privacy in this case."). Likewise, Plaintiff's speculative concerns about future employment are insufficient to allow her to proceed anonymously. *See Raiser*, 127 F. App'x at 411 ("The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity.")

To be clear, the Court is not requiring Plaintiff to file medical records or other detailed medical information publicly. In her complaints, Plaintiff only generally describes her alleged medical conditions. *See* Docs. 1, 15, 25, 38 (mentioning permanent pulmonary disabilities, multiple permanent and terminal disabilities, visual impairment, and chronic pain). As the case proceeds, Plaintiff is welcome to propose a protective order for specific documents and medical records she believes should remain protected and the Court will address any such requests at that time. However, a disability-discrimination plaintiff's concern that the general nature of her alleged disability will be disclosed as part of her lawsuit does not override the strong presumption in favor of open proceedings and, therefore, does not serve as a basis to proceed anonymously.

For these reasons, the Court denies Plaintiff's petition to proceed anonymously. Within 15 days of the entry of this Order, Plaintiff shall re-file her Third Amended Complaint on the docket under her name.

Lastly, in addition to using a pseudonym, Plaintiff has filed several documents on the docket under seal. The Court previously held that when it decided the pseudonym issue, it would also decide whether to allow those documents to stay under seal. *See* Doc. 17, 22, 32, 35, 40. "Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). However, this right is not absolute and "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* "The

party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* That party "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *JetAway Aviation, LLC v. Bd. of Cnty. Com'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014).

Here, Plaintiff has not met her burden to articulate real and substantial interests that outweigh the public's interest in access to records. The documents she seeks to seal include her complaints, petition to file anonymously, motions to seal, motion for service, and motion to proceed IFP.[1] Docs. 12, 14, 15, 16, 27, 28, 33, 34, 36, 37, 38. These documents include only general references to her medical information, if they include any reference at all. For the same reasons discussed above, the Court does not find that these documents should be sealed from public view. Lastly, the NCBE Defendants filed their response to the petition to proceed anonymously under seal, pending a ruling from the Court on the petition. Because the Court is unsealing Plaintiff's petition to proceed anonymously (Doc. 12) and is requiring her to disclose her name, the Court will likewise unseal Defendants' response (Doc. 92).

This unsealing order does not apply to documents the Court previously allowed to be filed under seal. *See* Doc. 45 (order granting Plaintiff's motion to seal her second request for IFP and financial affidavit which contain financial information (Docs. 42 and 43)). Additionally, Plaintiff's motion to withdraw and the Court's order allowing withdraw include her address and

---

[1] Plaintiff's first motion for IFP includes only a statement that Plaintiff is indigent, without including any private financial information. Doc. 27. The Court will therefore unseal this document. Plaintiff's second IFP motion (Docs. 42, 43) includes private financial information, and so the Court will allow those documents to remained sealed, as previously ordered (Doc. 45).

4

contact information. Docs. 8, 9. The Court will allow such private information to stay under seal; therefore, this unsealing order does not apply to Docs. 8 and 9.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

- The Notice and Order to Show Cause (Doc. 6) is quashed;

- Plaintiff's Petition for Permission to File Anonymously (Doc. 12) is denied. Within 15 days of the entry of this Order, Plaintiff shall re-file her Third Amended Complaint on the docket under her name; and

- The Clerk's Office shall unseal Docs. 12, 14, 15, 16, 27, 28, 33, 34, 36, 37, 38, 92.

_____
Steven C. Yarbrough
United States Magistrate Judge