IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. PERRY SPANN,

    Plaintiff,

v.                                                          No. 1:21-CV-00709-MIS-SCY

THE NEW MEXICO BOARD OF
BAR EXAMINERS, and THE NATIONAL
CONFERENCE OF BAR EXAMINERS, *et al.*,

    Defendants.

### ORDER UNSEALING DOCUMENTS

    This matter is before the Court sua sponte. Plaintiff initially filed this lawsuit under the pseudonym "Jane Doe." In addition, she has filed numerous documents throughout the life of the case under seal. On November 18, 2021, the Court denied Plaintiff's request to proceed anonymously and required her to file an amended complaint in her name. Doc. 96. The Court also unsealed several documents Plaintiff filed because Plaintiff failed to meet her burden to articulate real and substantial interests in sealing that outweigh the public's interest in access to records. *Id.* at 4. In response, Plaintiff filed her amended complaint in her name. Doc. 102. However, she filed the complaint under seal, without first seeking permission to do so. Likewise, Plaintiff has filed three other documents under seal without seeking permission to do so. *See* Doc. 101, 105, 110.

    Parties seeking to file a document under seal are required to seek leave of the Court before doing so. *See* CM/ECF Adm. Proc. Manual para. 9(h)(1) & (2) (leave of Court required to file documents under seal except under Fed.R.Civ.P. 5.2(F), Fed.R.Crim.P. 49.1, or statute).

The Court has previously advised Plaintiff of this requirement. *See* Doc. 18, 29. The Court has also previously advised Plaintiff that "[a]ny further documents filed under seal without an accompanying motion to seal will be unsealed by the Court without prior notice." Doc. 29 at 5. Accordingly, the Court directs the Clerk's Office to unseal Docs. 101, 102, 105, and 110.

Plaintiff also filed a sealed motion to strike in which she attached a motion to seal. Doc. 95-1. As the Court previously explained, "[c]ourts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). However, this right is not absolute and "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* That party "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *JetAway Aviation, LLC v. Bd. of Cnty. Com'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014).

Here, in her motion to seal, Plaintiff has not met her burden to articulate real and substantial interests that outweigh the public's interest in access to records. She cites only a general concern about her medical records, even though no medical records are attached to the sealed motion to strike and the motion only generally discusses her medical conditions related to her claims. *See* Doc. 95. Instead, Plaintiff requests "to remain anonymous in all documents filed with or in this Court." Doc. 95-1 at 1. The Court has already denied such a request. *See* Doc. 96. For these reasons, the Court denies Plaintiff's request to seal her motion to strike (Doc. 95) and shall unseal that motion.

Going forward, if Plaintiff wishes to seal specific documents or specific exhibits attached to documents, she should file a separate motion to seal on the docket. Her motion

should contain specific reasons why the document or exhibit needs to be sealed. She should likewise follow the Court's Local Rules and determine if the motion to seal is opposed and, if it is unopposed, should submit a proposed order, in word format, to the Judge's email provided on the Court's website. *See* D.N.M. LR-Civ. 7.1(a), 7.2. The Court may unseal without further notice any future documents that are filed in violation of this required process.

**IT IS THEREFORE ORDERED** that the Clerk's Office shall unseal Docs. 95, 101, 102, 105, and 110.

_____
**HONORABLE STEVEN C. YARBROUGH**
**United States Magistrate Judge**