IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. PERRY SPANN,

    Plaintiff,

v.                                                              No. 1:21-CV-00709-MIS-SCY

THE NEW MEXICO BOARD OF
BAR EXAMINERS, and THE NATIONAL
CONFERENCE OF BAR EXAMINERS, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on the Motion to Dismiss by Defendants National Conference of Bar Examiners and Related Individual Defendants. Doc. 109. The National Conference of Bar Examiners ("NCBE")[1] and related individual Defendants[2] seek to dismiss all claims against them, arguing the Court lacks personal jurisdiction over any NCBE Defendant. Also before the Court is Plaintiff's Motion for Leave to File Surreply (Doc. 123). The Court referred these matters to Magistrate Judge

---

[1] In the caption of her complaint, Plaintiff refers to "The National Conference of Bar Examiners Board of Trustees and Officers," but in the body of her complaint she exclusively refers to the "National Conference of Bar Examiners." *See generally* Doc. 38. The Court therefore refers to the entity defendant as "the National Conference of Bar Examiners."

[2] Those individual defendants are Suzanne Richards, Hulett H. Askew, Timothy Wong, John McAlary, Judith Gundersen, Scott Bales, Arlene Coleman, Solomon Oliver, Augustin Rivera, Darin Scheer, Anthony Simon, Ann A. Scott Timmer, Marilyn Wellington, and Brad Gilbert. Sophie Martin is listed as a defendant twice, associated with both the NCBE and the New Mexico Board of Bar Examiners. Doc. 38 ¶¶ 9, 46. As such, in this Order, the Court will only consider the claims against Defendant Martin in her role with the NCBE.

Steven C. Yarbrough (Doc. 128) who entered a Proposed Findings and Recommended Disposition ("PFRD") on August 10, 2022. Doc. 141. The PFRD recommends that the Court deny the motion for surreply and grant the motion to dismiss. *Id.* On August 24, 2022, Plaintiff timely filed Objections to Proposed Findings and Recommended Disposition Regarding the NCBE Defendants' Motion to Dismiss, Doc. 143, and on September 7, 2022, the NCBE Defendants filed a response to her objections, Doc. 144.

The Court has considered Defendants' motion to dismiss (Doc. 109), Plaintiff's response (Doc. 118), Defendants' reply (Doc. 119), Plaintiff's motion for surreply (Doc. 123), Defendants' response (Doc. 125), the Magistrate Judge's PFRD (Doc. 141), Plaintiff's objections (Doc. 143), and Defendants' response to Plaintiff's objections (Doc. 144) in light of the legal standards described below and has conducted a de novo review of the portions of the PFRD objected to. Based on the Court's review, the Court finds that Plaintiff's objections to the Magistrate Judge's PFRD are not well-taken and therefore grants the motion to dismiss (Doc. 109) and denies the motion for surreply (Doc. 123).

**LEGAL STANDARD**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo

any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## ANALYSIS

To begin, Plaintiff recites the legal standards for personal jurisdiction, both general and specific, as well as the burden to establish personal jurisdiction. Doc. 143 at 2-9. This recitation of the law does not appear to be an objection.[3] Plaintiff then raises five objections to the PFRD (as indicated by headings), and the Court will address each in turn.

### 1. "The Magistrate Court's decision errs by misinterpreting facts, affidavits, and other materials in the record."

In the PFRD, Judge Yarbrough noted that Defendants attached affidavits to their motion to dismiss, but that Plaintiff submitted no similar affidavit and so the Court should

---

[3] Plaintiff's recitation of law also includes a discussion of federal question jurisdiction (Doc. 143 at 4), but subject matter jurisdiction is not at issue in this motion.

3

"accept as true the allegations in her complaint only to the extent they are not controverted by Defendants' affidavits." Doc. 141 at 11-12. Plaintiff objects, and argues that "this misinterprets the terminally ill Plaintiff's burden in making prima facie showing of the Court's jurisdiction over the Defendants, and the review by which the Court may evaluate factual disputes." Doc. 143 at 9-10. In other words, Plaintiff argues that her complaint contains plausible allegations of facts to establish personal jurisdiction, but the PFRD instead takes as true Defendants' allegations in their affidavits.

      The PFRD, however, offers a correct recitation and application of binding Tenth Circuit precedent. *See Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."). To support her objection, Plaintiff cites the out-of-circuit case *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Doc. 143 at 10. But *Data Disc* stands for the same proposition explained in the PFRD: "If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc.*, 557 F.2d at 1284. Here, Plaintiff did not produce her own affidavit to support personal jurisdiction and counter Defendants' affidavits, and so the Court only accepts the allegations in her complaint to the extent they are uncontroverted by Defendants' affidavits, just as Judge Yarbrough did in the PFRD.

      Plaintiff also argues that the PFRD overlooks Defendants' omissions of fact and

4

misleading statements in the affidavits, arguing that the Court should evaluate the credibility of the statements in the affidavits. Doc. 143 at 10. But while Plaintiff asserts that she "has pointed to omissions of fact, misleading statements and substantiating material cited generally by Defendants['] Affidavits that significantly undermine the veracity and credibility of those documents," Doc. 143 at 11, she does no such thing. That is, Plaintiff points to nothing specific to explain what facts Defendants omitted or misrepresented in their affidavits. This objection is overruled.

### 2. "The Magistrate Court's decision misconstrues the applicable legal standard for Plaintiff's prima facie showing and evidentiary conflicts."

This objections merely repeats the first—that Plaintiff has alleged facts that contradict statements made in Defendants' affidavits. Doc. 143 at 11. But as explained above, Plaintiff's allegations in her complaint will not suffice when controverted by affidavits and Plaintiff did not present her own affidavit to support personal jurisdiction.

### 3. "New Mexico's long arm statute is a valid basis for Plaintiff's 'prima facie' showing of jurisdiction."

Plaintiff argues that she has made a prima facie case for jurisdiction pursuant to the New Mexico long-arm statute because the statute provides for jurisdiction over any defendant as to "any cause of action arising from any business transaction or the commission of any tortious act within New Mexico." Doc. 143 at 11-12 (citing NMSA § 38-1-16). But as the PFRD explains, Plaintiff alleges that the NCBE transacted business in New Mexico by selling bar exam components to the New Mexico Board of Bar Examiners ("NMBBE"). Her causes of action do not arise out of or relate to this business transaction. That is, "Plaintiff does not allege injuries related to the sale or even the contents of the exam. She alleges injuries related to the administration of the exam,

5

which the NCBE had no part in." Doc. 141 at 16.

Plaintiff further repeats allegations made in her complaint and original briefing: that the NCBE is responsible for scoring the Uniform Bar Exam ("UBE"), training New Mexico UBE graders and standardizing results across UBE jurisdictions, and that the NCBE was notified "by Plaintiff of irregularities and deficiencies impacting compliance with the ADA." Doc. 143 at 13.

But Plaintiff's allegations are controverted by Defendants' affidavits which state that the NCBE has no involvement in the UBE's administration and that user jurisdictions uniformly administer, grade, and score the UBE. *See* Docs. 109-1 ¶ 11 (Def. Judy Gundersen Aff.); Doc. 109-2 ¶¶ 8-10 (Def. Brad Gilbert Aff.). Defendant Gilbert's affidavit also clarifies that "[n]o NCBE staff members were involved in administering, supervising, or proctoring any part of the New Mexico bar examination taken by Ms. Spann in New Mexico, or in performing any other test-administration activities in New Mexico related to Ms. Spann's taking the New Mexico bar exam." Doc. 109-2 ¶ 29. In briefing the motion to dismiss, Plaintiff failed to present her own affidavit or other document to controvert Defendants' affidavits. In her objections, she generally cites an attachment, without specifying which attachment,[4] to argue that the NCBE is responsible for scoring at least part of the UBE. Doc. 143 at 13. The Court will not consider this argument and the accompanying attachments because Plaintiff presents them to the Court for the first time in objections. *See Marshall v. Chater*, 75 F.3d 1421,

---

[4] Plaintiff's objections include three attachments. Attachment 1 is a six-page document that appears to more argument. Doc. 143-1. Attachment 2 is a screenshot of the NCBE website discussing the UBE, Doc. 143-2, and attachment 3 is a 2015 article titled "MEE and MPT Test Development: A Walk-Through from First Draft to Administration," Doc. 143-3.

1426 (10th Cir. 1996); *see also* Doc. 118 at 7 (Plaintiff's response to the motion to dismiss, arguing the Court has specific jurisdiction over Defendants because the NCBE contracts with the NMBBE for the sale of the UBE).

Plaintiff also mentions the MPRE (Doc. 143 at 12), which the NCBE does administer, but fails to address the PFRD's analysis that any MPRE-related complaints do not establish minimum contracts with New Mexico because Plaintiff took the MPRE in Louisiana and communicated with NCBE staff located in Wisconsin regarding MPRE accommodations. Doc. 141 at 14.

### 4. "Plaintiff shows Defendants['] continuous and systematic contacts in the state sufficient to establish necessary minimum contacts or general jurisdiction."

First, as with her prior objections, Plaintiff begins by asserting that "[s]ufficient facts were alleged in the record which could not be controverted by Defendants['] Affidavits clearing [sic] showing that the NCBE had 'continuous and systematic' contacts with and in New Mexico." Doc. 143 at 13. But again, Plaintiff failed to counter Defendants' affidavits with an affidavit of her own.

Plaintiff next addresses general jurisdiction, arguing that the NCBE is essentially at home in New Mexico because the "activities conducted between NCBE and the New Mexico forum via its website are significant, numerous and continuous . . . ." Doc. 143 at 14. These activities, Plaintiff argues, includes selling, training, and scoring the bar exam, offering the MPRE at a number of locations in the forum state, and offering the e-learning platform which the NCBE expects customers to use, as illustrated by the NCBE hiring a Director of Communications, Education, and Outreach. *Id.* at 15-16. Plaintiff focuses specifically on the NCBE's website that "provides an extensive array of

7

products and services, targeting all levels of the legal industry in every jurisdiction."[5] *Id.* at 16.

The Court rejects Plaintiff's arguments. As laid out in the PFRD, and as Plaintiff agrees, general jurisdiction requires "affiliations with the State [that] are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Plaintiff makes no allegations that the NCBE's website is specifically directed at New Mexico residents. The website, like the NCBE's action in selling the bar exam, offering training to bar exam graders, and offering the MPRE, is open to all 50 state jurisdictions. The NCBE's few contacts with New Mexico to sell the bar exam is insufficient to create continuous and systematic contact with New Mexico.

### 5. "Plaintiff shows specific jurisdiction by demonstrating NCBE's continuous and targeted activities in New Mexico and injuries arising out [of] Defendants['] activities and failure to respond to her complaints."

In this objection, Plaintiff repeats her arguments made with respect to objection three, regarding specific jurisdiction. Doc. 143 at 17-19. She also repeats her prior objections regarding the sufficiency of allegations in the complaint. *Id.* at 20.

The one new objection Plaintiff presents is that the PFRD fails to address traditional notions of fair play and substantial justice. Doc. 143 at 19. In the PFRD, Judge Yarbrough recommended finding that the NCBE Defendants do not have

---

[5] To support her argument that the website supports general jurisdiction, Plaintiff cites *Xactware, Inc. v. Symbility Sol. Inc.*, 402 F. Supp. 2d 1359, 1363-64 (D. Utah 2005). That case, however, looks not at continuous and systematic contacts, but at purposeful availment and claims arising out of that activity (i.e., specific jurisdiction), and so is not helpful in the analysis of general jurisdiction.

sufficient minimum contracts with New Mexico to support either general or specific jurisdiction and so the Court need not address traditional notions of fair play and substantial justice. Doc. 141 at 11. As discussed above, the Court agrees that Plaintiff has failed to make a prima facie case for minimum contracts and so the Court agrees that it need not address traditional notions for fair play and substantial justice. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("The due process analysis is also two-fold: First, [the defendant] must have 'minimum contacts' with the forum state, demonstrating that he 'purposefully availed' himself of the protections or benefits of the state's laws and should reasonably anticipate being haled into court there. . . . If [the defendant] is found to have the requisite minimum contacts with [the forum state], then we proceed to the second step in the due process analysis: ensuring that the exercise of jurisdiction over him does not offend 'traditional notions of fair play and substantial justice.'" (internal quotation marks and citations omitted)).

## CONCLUSION

For the reasons stated above, the Court rules as follows:

- Plaintiff's Objections to the Proposed Findings and Recommended Disposition Regarding the NCBE Defendants' Motion to Dismiss (Doc. 143) are **OVERRULED**;

- the Proposed Findings and Recommended Disposition Regarding the NCBE Defendants' Motion to Dismiss (Doc. 141) is **ADOPTED**;

- Plaintiff's Motion for Leave to File Surreply (Doc. 123) is **DENIED**; and

9

<tr>
<td></td>
</tr>

- the Motion to Dismiss by Defendants National Conference of Bar Examiners and Related Individual Defendants (Doc. 109) is **GRANTED**. The NCBE Defendants[6] are dismissed from this matter without prejudice.

*Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[6] The NCBE Defendants include the National Conference of Bar Examiners (or the National Conference of Bar Examiners Board of Trustees and Officers, as Plaintiff lists in the caption only), Suzanne Richards, Hulett H. Askew, Timothy Wong, John McAlary, Judith Gundersen, Scott Bales, Arlene Coleman, Solomon Oliver, Augustin Rivera, Darin Scheer, Anthony Simon, Ann A. Scott Timmer, Marilyn Wellington, Brad Gilbert, and Sophie Martin in her role as Director of Communications and Education with the NCBE.