IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. PERRY SPANN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Civ. No. 1:21-CV-00709-MIS-SCY

THE NEW MEXICO BOARD OF
BAR EXAMINERS, and THE NATIONAL
CONFERENCE OF BAR EXAMINERS, *et al.*,

    Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff's "Motion for Leave to Proceed Informa Pauperis and to Waive Service of Process Fees," filed October 13, 2022. Doc. 149. On September 16, 2022, the Court entered a Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition. Doc. 145. The Order dismissed without prejudice one set of Defendants—the National Conference of Bar Examiners ("NCBE") and related individual Defendants—for lack of personal jurisdiction. *Id.* at 10. On September 26, 2022, Plaintiff filed a Notice of Appeal, Doc. 146, and later filed the present request for leave to proceed on the appeal in forma pauperis, Doc. 149.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in pertinent part:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

  (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

  (B) a statute provides otherwise.

In this case, Plaintiff has prior approval to proceed in forma pauperis in the District Court. Doc. 46. Thus, she does not need authorization from this Court to proceed in forma pauperis on appeal, unless the Court finds the appeal is not taken in good faith or Plaintiff is not entitled to proceed in forma pauperis. *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). In this context, good faith means seeking "appellate review of any issue not frivolous" under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also United States v. Ballieu*, 480 F. App'x 494, 498 (10th Cir. 2012).

Here, the Court finds that Plaintiff's appellant review is frivolous. "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291 "A decision is 'final' when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Koch v. City of Del City*, 660 F.3d 1228, 1235 (10th Cir. 2011) (internal quotation marks and citation omitted). Said another way, "[a] final decision must dispose of all claims by all parties." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). In this case, there is currently no final decision. The Order that Plaintiff appeals dismisses one set of Defendants (the NCBE Defendants) but another set of Defendants (the New Mexico Board of Bar Examiners and related individual Defendants) remain active.

To that end, "[i]n cases involving multiple claims or parties, a district court's order

'that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties' is not a final decision unless the district court directs entry of a final judgment as to one or more claims or parties under Rule 54(b), which then becomes final as to those claims or parties." *Koch*, 660 F.3d at 1235 (10th Cir. 2011) (quoting Fed. R. Civ. P. 54(b)). The Court has not entered a Rule 54(b) judgment as to the NCBE Defendants and Plaintiff has not requested one.[1] The Court has also not certified this issue for interlocutory appeal. *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."). Thus, Plaintiff has pointed to no basis for the United States Court of Appeals to exercise jurisdiction over this matter and this Court finds that Plaintiff's request for appellant review is frivolous at this time.

For these reasons, the Court certifies that this appeal is not taken in good faith and **DENIES** Plaintiff's Motion for Leave to Proceed Informa Pauperis and to Waive Service of Process Fees (Doc. 149). The Clerk of the Court shall forward a copy of this Order to the Tenth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(4). Plaintiff is advised that she may file a motion for leave to proceed on appeal in forma pauperis with the United State Court of Appeals for the Tenth Circuit within 30 days after service of this Order. Fed. R. App. P. 24(a)(5).

---

[1] Rule 54(b) orders "require district courts to make two explicit determinations in the certification order. First, the district court must determine the judgment is final. Second, it must determine there is no just reason for delay of entry of its judgment." *Trujillo*, 813 F.3d at 1316 (internal citations omitted).

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE