IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PERRY SPANN,

    Plaintiff,

v.

                                                                                          No. 1:21-cv-00709-MIS-SCY

THE NEW MEXICO BOARD
OF BAR EXAMINERS,
SOPHIE MARTIN, and
NATIONAL CONFERENCE
OF BAR EXAMINERS,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on Plaintiff Perry Spann's Motion for Reconsideration, ECF No. 176, filed October 2, 2023. Defendant New Mexico Board of Bar Examiners filed a Response on October 12, 2023, ECF No. 178, to which Plaintiff filed a Reply on October 26, 2023, ECF No. 183. Defendant National Conference of Bar Examiners filed a Response on October 16, 2023, ECF No. 180, to which Plaintiff filed a Reply on October 30, 2023, ECF No. 184. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

**I.    Background**

On October 7, 2021, Plaintiff filed a Third Amended Complaint asserting various claims against, inter alia, the National Conference of Bar Examiners ("NCBE"), the New Mexico Board of Bar Examiners ("NMBBE"), and the NMBBE's former executive director, Sophie Martin. ECF No. 38. On September 16, 2022, the Court entered an Order dismissing NCBE from this case for lack of personal jurisdiction. ECF No. 145 at 10.

On November 30, 2022, Plaintiff filed a Motion for Leave to File a Fourth Amended Complaint ("Motion for Leave to Amend"). ECF No. 157. As relevant here, Count III of the proposed Fourth Amended Complaint alleged a violation of Title III of the Americans with Disabilities Act ("ADA") against NCBE and NMBBE, ECF No. 157-1 at 21; Count IV alleged a violation of 42 U.S.C. § 1983—premised on underlying violations of the ADA and Section 504 of the Rehabilitation Act—against Martin, id. at 23; and Count V alleged intentional infliction of emotional distress against all Defendants, id. at 23-24. In her Motion for Leave to Amend, Plaintiff argued that she should be permitted to name NCBE as a Defendant because she had hired a new attorney who "has found additional evidence relevant to the jurisdictional issues[.]" ECF No. 157 at 1.

NCBE filed a Response to the Motion for Leave to Amend arguing, inter alia, that the claims against it in the proposed Fourth Amended Complaint would still be subject to dismissal for lack of personal jurisdiction. ECF No. 159 at 5. Plaintiff filed a Reply arguing that she should be permitted to conduct jurisdictional discovery regarding NCBE, but not addressing NCBE's arguments that the proposed Fourth Amended Complaint would still be subject to dismissal for lack of personal jurisdiction. ECF No. 162 at 2-4.

Defendant Martin (through NMBBE) filed a Response to the Motion for Leave to Amend arguing, inter alia, that amendment would be futile as to Count IV because "Section 1983 cannot be used as a procedural device to sue an individual defendant in her individual or personal capacity for alleged violations of the ADA or § 504 of the Rehabilitation Act . . . ." ECF No. 158 at 10 (citations omitted). She further argued that amendment would be futile as to Count V because there is no waiver of sovereign immunity under the New Mexico Tort Claims Act ("NMTCA")

for intentional infliction of emotional distress.  Id. at 11 (citation omitted).  Plaintiff filed a Reply, but did not address these arguments.  See ECF No. 161.

On June 22, 2023, Magistrate Judge Steven C. Yarbrough issued Proposed Findings and Recommended Disposition ("PFRD") recommending that the Court reject Plaintiff's request for jurisdictional discovery regarding NCBE "because Plaintiff already had an opportunity to request discovery and make arguments regarding personal jurisdiction in the prior briefing.  Plaintiff provides no valid reason to resurrect the already-closed debate about personal jurisdiction and go back to square one in the litigation of that issue."  ECF No. 166 at 14.  Judge Yarbrough further recommended denying Plaintiff's Motion for Leave to Amend to assert claims against NCBE on the merits.  Id. at 14-18.  Judge Yarborough further found that granting leave to amend to assert Count IV of the Fourth Amended Complaint against Defendant Martin would be futile because "a plaintiff cannot bring a Section 1983 action against individual capacity defendants predicated upon Title II of the ADA and Section 504 of the Rehabilitation Act violations."  Id. at 42 (citations omitted).  Judge Yarborough further found that granting leave to amend to assert Count V of the Fourth Amended Complaint against Defendant Martin would be futile because "Plaintiff's claims for emotional distress do not fall within a waiver of immunity under the NMTCA."  Id. at 44.  Ultimately, Judge Yarborough recommended that Plaintiff's Motion for Leave to Amend should be granted in part and denied in part, and that Plaintiff should be permitted to file a Fourth Amended Complaint containing only Count III against only NMBBE.  Id. at 44-45, 57-58.

Plaintiff filed Objections to Judge Yarbrough's PFRD arguing, inter alia, that she should be allowed to conduct jurisdictional discovery regarding NCBE.  ECF No. 168 at 1-4.  She further argued that Defendant Martin was not acting as an agent of the state for purposes of the emotional

distress claim, id. at 7-8—an argument she failed to raise in either her Motion for Leave to Amend or her Replies in support thereof. See ECF Nos. 157, 161, 162.

The Court conducted a de novo review of Judge Yarbrough's PFRD and Plaintiff's Objections and, on September 18, 2023, issued an Omnibus Order overruling Plaintiff's Objections, adopting the PFRD, and granting in part and denying in part Plaintiff's Motion for Leave to Amend. ECF No. 174. Specifically, the Court granted Plaintiff leave to file a Fourth Amended Complaint to contain only Count III against only NMBBE. Id. at 3.

On October 2, 2023, Plaintiff filed her Fourth Verified Complaint. ECF No. 175. The same day, she filed the instant Motion for Reconsideration. ECF No. 176. Defendant Martin (through NMBBE) filed a Response, ECF No. 180, to which Plaintiff filed a Reply, ECF No. 183. NCBE also filed a Response, ECF No. 180, to which Plaintiff filed a Reply, ECF No. 184.

**II.  Legal Standard**

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. (citation omitted). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. (citation omitted).

**III.  Discussion**

Plaintiff argues that she "should have been entitled to discovery on the issue of jurisdiction before the counts were dismissed, and that the allowance of the motion to dismiss without first having ruled on the motion for discovery was error." Id. at 1. She further argues that Defendant

4

Martin should not have been dismissed from the case. Id. at 3. In her Reply briefs, she argues—for the first time—that reconsideration is warranted to correct clear error and to prevent manifest injustice. ECF No. 183 at 2; ECF No. 184 at 1.

The Court has not misapprehended the facts, a party's position, or the controlling law. Rather, Plaintiff is attempting to revisit issues already considered and rejected twice—once by Judge Yarbrough in his PFRD, ECF No. 166 at 14, and once by the Undersigned Judge upon de novo review of Judge Yarbrough's PFRD and Plaintiff's Objections thereto, ECF No. 174. Accordingly, Plaintiff's Motion for Reconsideration is inappropriate and must be denied. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (finding that district court did not abuse its discretion in denying the plaintiffs' motion to reconsider where the motion "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court"); Greene v. Bank of Am., N.A., No. 1:13-cv-00937-JAP/KBM, 2014 WL 11497816, at *2 (D.N.M. June 9, 2014) (denying motion for reconsideration of issue previously raised and rejected).

The Court further finds that Plaintiff has failed to establish that the Court committed clear error, or that reconsideration is warranted to prevent a manifest injustice.[1] Indeed, she has cited no authority supporting those arguments. See United States v. Garibaldi-Bravo, 796 F. App'x 538, 541 (10th Cir. 2019); Grynberg v. Ivanhoe Energy, Inc., 490 F. App'x 86, 102 (10th Cir. 2012).

---

[1] The Court is compelled to address Plaintiff's argument that she "is prejudiced in this case because significant claims she filed against the NCBE were dismissed with prejudice. Consequently, she is forever barred from pursuing those specific claims against the NCBE in this Court." ECF No. 184. Plaintiff is wrong. The Court dismissed the NCBE Defendants without prejudice. ECF No. 145 at 10.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 176, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE